John Morrison
Scott Peterson
MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
speterson@mswdlaw.com

*Attorneys for Plaintiff Matthew Quinn*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA - BILLINGS DIVISION

| | |
|---|---|
| MATTHEW QUINN, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEADOW LARK TRANSPORT, INC., MEADOW LARK COMPANIES, INC., MEADOW LARK AGENCY, INC., AMANDA ROTH, MIKE KANDAS, RON USEM, HUFFMAN, USEM, CRAWFORD, GREENBERG & SMITH, P.A,<br><br>Defendants. | Cause No: CV-22-55-BLG-SPW-TJC<br><br><br>**REPLY BRIEF IN SUPPORT OF SETTLING PARTIES' JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL** |

1

Matthew Quinn, as Class Representative, ("Plaintiff") and Amanda Roth and Mike Kandas ("Defendants") (each a "Party" and collectively the "Parties"), provide this reply brief in support of their motion for preliminary settlement approval.

## ARGUMENT

I. **UNDER MONTANA LAW, USEM HAS NO CLAIM FOR CONTRIBUTION OR INDEMNFICATION AGAINST THE SETTLING DEFENDANTS.**

Defendants Huffman, Usem, Crawford, Greenberg & Smith, P.A. and Ron Usem (collectively "Usem") have opposed the Parties' joint motion for preliminary settlement approval [D.E. 110], which includes a request for certification of a class only for purposes of settlement [D.E. 108, 109]. Usem's only argument for standing to oppose the Parties' agreement is that Usem "may" seek contribution and indemnification. But Usem has no such claims for two reasons. First, Montana law bars any claims for contribution and indemnification against settling jointfeasors. *Durden v. Hydro Flame Corp.*, 1999 MT 186, ¶ 31, 295 Mont. 318, 983 P.2d 943. Second, even without this bar, Usem cannot establish a legal basis for either contribution or indemnification.

A. ***Durden* Bars Any Contribution or Indemnity Claim.**

Usem argues that *Durden* does not foreclose contribution or indemnity. As it reasons, *Durden* concerned products liability, whereas this case concern tortious liability under Restatement §876.

2

But Usem ignores *Durden*'s clear language. Nothing about that decision suggests it was limited to products liability. This is because *Durden* addressed whether the principles announced in *State ex rel. Deere & Co. v. Dist. Court* applied to other tort claims. 224 Mont. 384, 730 P.2d 396 (1986).

Specifically, in *Deere,* the Court held plaintiffs settling with one joint tortfeasor also barred claims of contribution and indemnification in negligence actions. *Durden* then addressed whether this bar rule was because of statute under § 27-1-703, MCA (and thus limited to negligence) or whether it existed in common law.

The Court established it was a common law rule, generally applicable to all tort actions. Thus, it concluded "that in accordance with well established common law principles and the public policy favoring settlements, a settlement by one tortfeasor precludes claims for both contribution and indemnity against the settling tortfeasor, *irrespective of the nature of the underlying tort claim*." *Id.*, ¶ 31. Put differently, it does not matter whether the tort is negligence, product liability, fraud, or a joint enterprise. *Durden's* bar rule applies to *any and all* torts.

Notably, Usem does not argue how or why a Court would decide that the "well established common law principles and the public policy favoring settlement" would apply differently here. Instead, Usem simply notes that this Court has previously distinguished *Durden*, citing *Estate of Ostby v. Yellowstone Cty*. No. CV 17-124-BLG-SPW-TJC, 2018 WL 4925694, at *6 (D. Mont. July 6, 2018).

3

But Usem misses two critical points. First, this Court's decision in *Ostby* rested on *contractual* indemnity, not equitable indemnity. The Court noted that *Durden's* bar "rule does not apply seamlessly to a situation where there is a contract between the joint tortfeasors that contains an indemnity provision." *Id.*,*14. The contractual nature provided a different aspect because the "Montana Supreme Court has long recognized the legality of indemnity clauses and that they should be liberally construed in favor of the party intended to be indemnified." *Id.*, *15. Even accepting this analysis as correct, Usem does not claim it has contractual indemnity, so *Ostby* is irrelevant here.

Second, Usem incorrectly states this recommended ruling was adopted. In reality, Judge Watters determined that *Durden* applied, and granted the defendants' motion to dismiss as any indemnity claim was barred by the joint tortfeasor's settlement. *Estate of Ostby v. Yellowstone Cty.*, No. CV 17-124-BLG-SPW, 2018 U.S. Dist. LEXIS 155545, at *7 (D. Mont. Sep. 11, 2018).

In sum, Usem advances no meaningful argument about why *Durden* is inapplicable here. It provides no reason why "well established common law principles" should not apply for joint tortfeasors acting through a joint enterprise. *Durden*, ¶ 31. Nor does it state why "public policy favoring settlement" should be ignored in these circumstances. *Id*. Without any such arguments, a state court would decide *Durden* applies and bars Usem's contribution and indemnity claims. This Court should accordingly determine that Usem's purported claims against the

4

Settling Defendants is barred. *Air-Sea Forwarders, Inc. v. Air Asia Co.*, 880 F.2d 176, 186 (9th Cir. 1989).

### B. Even if *Durden* Does Not Apply, Usem Cannot Establish A Claim for Contribution or Indemnification.

Even without *Durden's* bar rule, Usem has established no right to either contribution or indemnification. Nor can it sustain these claims under Montana.

#### 1. Usem has articulated no statutory right to contribution.

As the Montana Supreme Court has stated, "Contribution is a statutory remedy, unknown at common law . . . ." *Stowe v. Big Sky Vacation Rentals, Inc.*, 2019 MT 288, ¶ 28 n.16, 398 Mont. 91, 454 P.3d 655. So, for a contribution right to exist, there must be a statute allowing it.

Usem cites no statute that authorizes contribution here and the Parties are aware of none that might apply. Without a statute granting Usem such a right, Usem has no legal basis for contribution.

#### 2. Usem Has No Right To Equitable Indemnity.

Likewise, Usem makes no argument about how it possesses a right for equitable indemnification. Nor can it have such a claim here.

"A claim for equitable indemnity is a claim: (1) by a person without fault; (2) who is vicariously or otherwise imputedly liable to a third-party for injury and damages caused by another's tortious conduct; and (3) for the amount the person had to pay to compensate the third-party for the injury and damages caused by the

tortfeasor." *Asurion Servs., LLC v. Mont. Ins. Guar. Ass'n*, 2017 MT 140, ¶ 21, 387 Mont. 483, 396 P.3d 140. Per these standards, Montana has "prohibited claims for indemnity between or among joint tortfeasors." *Metro Aviation, Inc. v. United States*, 2013 MT 193, ¶ 25, 371 Mont. 64, 305 P.3d 832.

Here, under any scenario, Usem would be seeking indemnity against a joint tortfeasor, which is expressly prohibited. What is more, any liability theory here inherently involves Usem directly engaging in tortious wrongdoing. This means that Usem is not "without fault" and that Usem's liability is not "vicarious" or "imputed."

At a minimum, Usem has made no showing it can satisfy the elements of equitable indemnification. Courts "will not make arguments" for parties when they fail to articulate the legal basis of their claim. *United States SEC v. Schooler*, 905 F.3d 1107, 1115 (9th Cir. 2018). And without *some* showing about how equitable indemnification could apply, the Court has no basis to determine Usem even plausibly possesses an indemnification right.

## II. EVEN IF USEM HAS STANDING, IT ADVANCES NO ARGUMENT ABOUT WHY THE SETTLEMENT IS UNREASONABLE.

Remarkably, Usem only discusses standing and offers no argument that the settlement is unreasonable. Usem apparently assumes that, if it has indemnification or contribution claims, that means the settlement should be disapproved.

That assumption is incorrect. The Ninth Circuit has expressly rejected Usem's insinuation, noting this "simplistic approach would preclude partial pretrial

settlement." *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989). Addressing the incongruity of Usem's position further, the Ninth Circuit noted that "it hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits." *Id,* 884 F.2d at 1229.

So rather than disapproving settlement, Courts only address whether the settlement is fair, reasonable, and adequate in light of the contribution bar. *Anderson v. Davis Wright Tremaine Ltd. Liab. P'ship*, No. 3:20-cv-01194-AR, 2023 U.S. Dist. LEXIS 166884, at *23 (D. Or. Sep. 5, 2023). Typically, this question centers on how the settlement will offset any judgment against the non-settling defendant. *See Franklin*, 884 F.2d at 1230. Answering this question can present complications where unclear federal law is at issue. *See id.,* 884 F.2d at 1228.

But here the answer to the offset question is obvious. The claims concern state law causes of action. And Montana law establishes that a *pro tanto* reduction applies. *Jim's Excavating Serv. v. HKM Assocs.*, 265 Mont. 494, 514, 878 P.2d 248, 260 (1994). As *Jim's* outlines, "when a joint tort-feasor settles with a claimant, the claimant's recovery against the remaining tort-feasor is to be reduced dollar-for-dollar by the consideration paid by the settling tort-feasor." *Id.* Other Ninth Circuit courts have specifically found that *pro tanto* offsets are appropriate when (like here) the settlement concerns a cannibalizing policy. *Anderson,* at *23.

Usem's arguments here are particularly curious as the Parties' proposed settlement provides Usem a benefit, not prejudice. As it stands, Usem is entitled to a nearly $1 million offset. Without this settlement, Usem is liable for the entire judgement regardless of whether Roth and Kandas also committed wrongdoing. *Restat 2d of Torts, § 875*; *Azure v. Billings*, 182 Mont. 234, 250, 596 P.2d 460, 469 (1979) (noting with joint and several liability, the plaintiff "may recover against one or all."). For the reasons stated above, Usem also would have no right to contribution or indemnification. That means the Class could effectively seek full satisfaction exclusively against Usem, and Usem could do nothing about it. A guaranteed, $1 million offset is a far better outcome.

Even if some right to contribution existed, this $1 million settlement is the most Usem will ever receive. As the Court is aware based on prior briefing, this settlement involves a cannibalizing policy. If litigation continues, the insurance proceeds will dwindle. So, by pursuing a contribution or indemnity claim, and causing the Settling Defendants to expend litigation costs, the amount of insurance proceeds available to offset Usem's exposure is reduced and the other parties will be prejudiced.

Nor is there a meaningful path other than the available insurance proceeds to reduce Usem's liability. Amanda Roth has filed bankruptcy and has since received a discharge. Usem failed to file a proof of claim or to challenge the discharge. So, it

has already let any rights against her lapse. The same applies to Meadow Lark Agency. And there is no money from the now non-existent Meadow Lark entities.

The only individual who Usem can possibly receive contribution or indemnification from is Mike Kandas. But as stated in the opening brief (and which Usem ignores), any judgment here would be so substantial it would undoubtedly force Mr. Kandas into bankruptcy.

Simply stated, the settlement is not only in the best interests of the proposed settlement class, it also in Usem's best interest as the *pro tanto* offset reduces Usem's potential liability, whatever that may turn out to be.

## CONCLUSION

Usem has no right to contribution or indemnification. And even if it did, Montana's *pro tanto* offset rule sufficiently addresses any prejudice. Either way, the settlement should be approved.

DATED this 11th day of December 2024.

By: /s/ John Morrison
John M. Morrison
Scott Peterson
MORRISON SHERWOOD WILSON DEOLA PLLP
*Attorneys for Plaintiffs*

By: /s/ Nathan Huey
Nathan Huey
GORDON REES SCULLY MANSUKHANI
*Attorney for Defendant Michael Kandas*

9

By:   /s/ Dave McLean
     Dave McLean
     MCLEAN AND ASSOCIATES
     *Attorney for Defendant Amanda Roth*