IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MATTHEW QUINN, an individual, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>MEADOW LARK TRANSPORT, INC.; MEADOW LARK COMPANIES, INC.; MEADOW LARK AGENCY, INC.; AMANDA ROTH; MIKE KANDAS; RON USEM; and GREENBERG, SMITH, AND ABRAHAM, P.A., f/k/a HUFFMAN, USEM, CRAWFORD, GREENBERG & SMITH, P.A.,<br><br>        Defendants. | CV 22-55-BLG-SPW-TJC<br><br><br>**ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

This case was filed in 2022 as a putative class action against Meadow Lark Transport, Inc, Meadow Lark Companies, Inc., and Meadow Lark Agency, Inc. (collectively the "Meadow Lark Defendants"). (Doc. 1.) The Meadow Lark Defendants answered, but counsel for the Meadow Lark Defendants subsequently filed a motion to withdraw. (Doc. 42.) The motion was granted, and the Meadow Lark Defendants were ordered to retain new counsel to appear in the case, or to show cause in writing why an appearance was not possible. (Doc. 43.) The Meadow Lark Defendants did not do so, and Meadow Lark Agency, Inc. filed for

1

relief under Chapter 7 of the U.S. Bankruptcy Code.  (Doc. 46.)  The case was then stayed as to Meadow Lark Agency, Inc.

An amended complaint was then filed on March 29, 2024, which added officers of the Meadow Lark entities, Amanda Roth and Mike Kandas, as Defendants.  (Docs. 59, 91.)  Counsel for the Meadow Lark Defendants, Ron Usem and the law firm of Huffman, Usem, Crawford, Greenberg and Smith, P.A. (hereinafter the "Usem Defendants") were also joined as Defendants.  (*Id.*)

Plaintiff subsequently entered into a settlement agreement with Roth and Kandas, and a joint motion for preliminary settlement approval was filed as to those parties.  (Doc. 108.)  The Usem Defendants objected to approval of the settlement, arguing they would suffer substantial prejudice if the proposed settlement were approved.  (Doc. 110.)

Prior to approval of the preliminary settlement, however, the Usem Defendants withdrew their opposition, contingent upon enforcement of a settlement agreement between the Usem Defendants and the Plaintiff.  (Doc. 119.) The Usem Defendants asserted that they had entered into a settlement agreement with Plaintiff on July 30, 2025, which Plaintiff "refused to honor."  (*Id.* at 3.) Plaintiff responded that the parties had not entered into an enforceable agreement. Both parties filed motions for partial summary judgment on the issue.  Plaintiff filed a Motion for Partial Summary Judgment Re Contract Enforceability (Doc.

2

125), and the Usem Defendants filed a Motion for Partial Summary Judgment to enforce the parties' July 30, 2025, agreement (Doc. 128).

On May 6, 2026, however, Plaintiff, Kandas, Roth, and the Usem Defendants filed a Joint Motion for Preliminary Approval of Class Action Settlements.  (Doc. 147.)  In their brief in support of the motion, the parties represented that Plaintiff had reached a settlement agreement with Kandas and Roth, and had also reached a settlement agreement with the Usem Defendants. (Doc. 148 at 7–8.)  Thus, if approved, the settlement agreement resolves Plaintiff's claims against all Defendants. The Court granted the motion for preliminary approval, and set a final approval hearing for August 26, 2026.  (Doc. 150.)

There are presently seven motions pending before the Court in this case. (Docs. 108, 119, 125, 128, 137, 139, 151.)  Five of these motions pertain either to Plaintiff's initial motion for preliminary settlement approval with Roth and Kandas, or to the parties' disagreement regarding the enforceability of the July 30, 2025, agreement between Plaintiff and the Usem Defendants.[1]  Those motions

---

[1]  *See* Doc. 108 (motion for preliminary approval of settlement between Plaintiff and Kandas and Roth); Doc. 119 (motion to withdraw opposition to objection to approval of settlement, contingent upon enforcement of July 25, 2025, settlement agreement); Doc. 125 (motion for partial summary judgment regarding the enforceability of parties July 25, 2025, agreement); Doc. 128 (motion for partial summary judgment to enforce settlement agreement); and Doc. 137 (motion to file supplemental brief in support of the Usem Defendants' motion for summary judgment).

have been rendered moot by the parties' subsequent motion for approval of a global settlement of all claims, and the settlement of all claims between Plaintiff and the Usem Defendants.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that the following motions are DENIED as moot:

1.  Joint Motion of the Settling Parties for Preliminary Settlement Approval (Doc. 108);

2.  Usem Defendants' Motion to Withdraw Opposition to Joint Motion for Settlement Approval Contingent Upon Enforcement of Parties' July 30, 2025, Agreement (Doc. 119); and

3.  Usem Defendants' Motion for Leave to File Supplemental Reply in Support of Their Motion for Partial Summary Judgment and Brief in Support (Doc. 137).

All dismissals are without prejudice, pending the Court's final approval of the parties' settlement.

IT IS FURTHER RECOMMENDEDED that the following motions be DENIED as moot, without prejudice:

1.  Matthew Quinn's Motion for Partial Summary Judgment Re Contract Enforceability (Doc. 125); and

2.  Usem Defendants' Motion for Partial Summary Judgment (Doc. 128).

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived. D. Mont. Local Rule 72.3.

DATED this 2nd day of July, 2026.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

5