IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MATTHEW QUINN, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEADOW LARK TRANSPORT, INC.; MEADOW LARK COMPANIES, INC.; MEADOW LARK AGENCY, INC.; AMANDA ROTH; MIKE KANDAS; RON USEM; and GREENBERG, SMITH, AND ABRAHAM, P.A., f/k/a HUFFMAN, USEM, CRAWFORD, GREENBERG & SMITH, P.A.,<br><br>Defendants. | CV 22-55-BLG-SPW<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

In 2022, Plaintiff Matthew Quinn filed this putative class action against Meadow Lark Transport, Inc., Meadow Lark Companies, Inc., and Meadow Lark Agency, Inc. (collectively, the "Meadow Lark Defendants"). (Doc. 1). An Amended Complaint filed on March 29, 2024, added Meadow Lark officers Amanda Roth and Mike Kandas as Defendants. (Docs. 59, 91). It also joined the Meadow Lark Defendants' legal counsel, Ron Usem and the law firm of Huffman, Usem, Crawford, Greenberg and Smith, P.A. (collectively, the "Usem Defendants"). (*Id.*).

1

Before the Court are Plaintiff's Motion for Partial Summary Judgment Re Contract Enforceability (Doc. 125) and the Usem Defendants' Motion for Partial Summary Judgment (Doc. 128). United States Magistrate Judge Timothy J. Cavan issued his Findings and Recommendations (Doc. 164) on July 6, 2026, recommending that the Court deny both Motions as moot and without prejudice. These Motions, along with others resolved outright by Judge Cavan, have been rendered moot by the parties' subsequent motion for approval of a global settlement of all claims, and the settlement of all claims between Plaintiff and the Usem Defendants.

Pursuant to 28 U.S.C. § 636(b)(1), parties are required to file any objections within 14 days of the filing of a magistrate judge's findings and recommendations. Here, no objections were filed. When no party objects, the district court reviews the findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if "the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Having conducted this review, the Court agrees with Judge Cavan's analysis and conclusions and finds no clear error.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations (Doc. 164) are ADOPTED IN FULL.

2

IT IS FURTHER ORDERED that:

(1)   Plaintiff Matthew Quinn's Motion for Partial Summary Judgment Re Contract Enforceability (Doc. 125) is DENIED as moot, without prejudice.

(2)   The Usem Defendants' Motion for Partial Summary Judgment (Doc. 128) is DENIED as moot, without prejudice.

DATED this 22nd day of July, 2026.

SUSAN P. WATTERS
United States District Judge